BYRNES, Judge.
Defendant Paris Properties, Inc. was charged with three counts of obscenity, violations of R.S. 14:106, while defendants Lisa Matthews and Debbie Williams were each charged with one count of obscenity. The defendants pled not guilty to all the charges. The cases were consolidated for trial. All defendants were found guilty as charged by a six member jury on May 14, 1985. Paris Properties was sentenced to pay a $2,500.00 fine on each count and defendants Matthews and Williams were each sentenced to six months in Parish *595 Prison, which was suspended, one year active probation, and a $1,000.00 fine. We affirm the ruling complained of.
On August 14, 1984, police officers seized the film “Tapestry of Passion” from the Cine Royal Theater located on Canal Street. On December 27, 1984, the film “Making It Big” was also seized from the same theater, and the film “Girl From China” was seized from the Paris Theatre on Elysian Fields Avenue that same day. Paris Properties, Inc., the operator of both theaters, was charged with three counts of obscenity. Williams was arrested selling tickets at the Cine Royal’s showing of “Making It Big” and charged with one count of obscenity. Matthews was likewise arrested for selling tickets to the Paris Theater’s showing of “Girl from China” and charged with one count of obscenity.
The defendants’ sole assignment of error asserts that the trial court erred when it failed to grant their Motion to Quash the jury venire. The basis for this Motion was the failure of the Orleans Parish Jury Commission to personally serve venire subpoenas on prospective jurors as mandated by R.S. 15:112.
R.S. 15:112 provides that:
“All subpoenas, notices, process, orders and papers issued by the jury commission in the parish of Orleans shall be served by a chief process server or one of his deputies, which said chief process server and as many deputy process servers as may be necessary shall be appointed by the said jury commissioners. The chief process server shall be paid not less than two hundred and fifty dollars per month, and the deputy process servers shall each be paid not less than one hundred seventy-five dollars per month plus fifty dollars per month automobile allowance. The City of New Orleans shall appropriate and pay to the jury commissioners an amount not to exceed the amount presently budgeted for the salaries of the commissioners, chief process server, deputy process server, automobile allowance, office help, supplies and printing. Said sums shall be included in the budgets of the City of New Orleans.” (emphasis added)
In the spring of 1985, it became apparent that the depletion of funds for serving jury venire subpoenas would make, compliance with R.S. 15:112 impossible. The issue was discussed at the April 1985 en banc meeting of the Orleans Parish Criminal District Court judges, and it was resolved that the Jury Commission be directed to mail subpoenas to prospective jurors. As a result, the Jury Commission mailed 1800 notices to prospective jurors who would be considered for jury duty in the month of May. This number coincided with the number of prospective jurors who were served with subpoenas the month before. When prospective jurors responded to the notice and appeared at the court house on the assigned day, they were personally served with subpoenas. Of the 1800 persons who were mailed a notice of jury duty, approximately 500 responded. This response rate surpassed that which resulted from personal service of subpoenas in the previous month by almost 30 percent.
The defendants aver that their Motion to Quash the jury venire should have been granted because the jury pool for trials held in May, 1985 was not properly subpoenaed in conformity with R.S. 15:112. We disagree.
C.Cr.P. Art. 419 states in pertinent part that:
“A general venire, grand jury venire, or petit jury venire shall not be set aside for any reason unless fraud has been practiced or some great wrong committed that would work irreparable injury to the defendant.”
In the present case, the defendants do not allege that fraud or great wrong was committed by noncompliance with R.S. 15:112, nor did they show that the composition of the May, 1985 jury pool was not representative of the population as a whole. To the contrary, the response rate would tend to indicate that a more representative jury pool was generated by mailing the jury duty notices than was generated by the personal service method. Under these circumstances, we conclude that noncompli- *596 anee with R.S. 15:112 was not sufficient to warrant quashing the jury venire and the trial court’s refusal to do so was proper.
ERRORS PATENT
Having reviewed the record for errors patent we note that the record fails to indicate whether defendants, Paris Properties and Debbie Williams, were present at their arraignment on obscenity charges resulting from the showing of “Making It Big” at the Cine Royal Theatre. However, any irregularity in the arraignment is waived if the defendant does not object prior to trial. In this case, no objection was made and the error is therefore harmless. C.Cr.P. Art. 555; State v. Raymond Ellzey, 196 So.2d 1090 (La.App. 4th Cir. 1986).
For the above reasons, the ruling complained of is affirmed.
AFFIRMED.